THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JACK HALPERN, Respondent.

Defendant was charged in a two-count indictment with grand larceny in the second degree and falsifying business records in the first degree, arising out of his alleged conspiracy with a nursing home supplier to steal money from the nursing home while he was employed by the home in a managerial capacity.

He argues that the Deputy Attorney-General was without authority to obtain that indictment because the charged crimes did not have any direct impact upon the funds provided by the government under the Medicaid Reimbursement System. However, no such requirement exists under either Executive Law § 63 or Executive Order No. 4 (9 NYCRR 3.4). Executive Order No. 4 (9 NYCRR 3.4) specifically requires that the Attorney-General: "inquire into matters concerning the public peace, public safety and public justice with respect to possible criminal violations committed in connection with or in any way related to the management, control, operation or funding of any nursing home, care center, health facility or related entity located in the State of New York, or any principal, agent, supplier or other person involved therewith, and I so direct you to do so in person or by your assistant or deputies and to have the powers and duties specified in such subdivision 8 [Executive Law § 63] for the purpose of this requirement".

This directive is plainly broad enough to encompass the instant case, involving alleged misconduct by a person acting in a managerial capacity in a nursing home, which was detrimental to the nursing home and affected its operation, and which also involved a nursing home supplier. *Matter of L & S Hosp. & Institutional Supplies Co. v Hynes* (84 Misc 2d 431, *affd* 51 AD2d 515), relied upon by defendant, is not to the contrary, as that case found only that the Attorney-General acted outside of his authority in issuing certain subpoenas duces tecum to obtain *all* of the petitioner's records, and not only those to which he was entitled, namely, those records which dealt with nursing home transactions. Neither is it true that the instant case is similar to a burglary of the nursing home, in which the Attorney-General would have no special interest. Here, the nursing home has been victimized, if at all, not by an outsider but by one intimately connected with its management and operation, which is the very type of white-collar crime that the State has an interest in. "Widespread corruption in the nursing home industry, care of the elderly and infirm and compensation for that care from the public treasury are 'matters concerning the public peace, public safety and public justice'" that the Attorney-General is charged with protecting (*Matter of Sigety v Hynes,* 38 NY2d 260, 266). The indictment is reinstated, and the case remitted to Criminal Term so that the court may consider the remaining issues raised in defendant's pretrial motion and for further proceedings on the indictment. Mangano, J. P., Brown, Niehoff and Lawrence, JJ., concur.